IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

USDC- GREENBELT
'23 SEP 15 AM 8:53

|  |  |
|---|---|
| DUANE MAURICE BURTON, SR., ) | |
| Plaintiff, ) | Civil Action No.: 1:23-cv-2244-LKG |
| v. ) | Dated: September 14, 2023 |
| MS. TRACY R. SCHRUM, ) | |
| Defendant. ) | |

## MEMORANDUM

Plaintiff Duane Maurice Burton, Sr., who is incarcerated at Federal Correctional Complex – Petersburg in Petersburg, Virginia, filed this civil action on August 16, 2023. ECF No. 1. Although drafted on forms for claims raised pursuant to 42 U.S.C. § 1983, because Burton is a federal inmate, his claims are properly brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Burton has failed to pay the Court's filing fee, or to file a Motion to Proceed in Forma Pauperis seeking it's waiver. However, because his Complaint will be dismissed for the reasons that follow, he will not be required to correct the oversight.

Burton's Complaint names one defendant: Federal Probation Officer Tracy R. Schrum. ECF No. 1 at 2. He states that Schrum violated his rights under the Fourteenth Amendment to the United States Constitution by including "false allegations" and "fabricated evidences" in his Pre-Sentencing Investigation Report. *Id.* at 3. This report was given to a federal judge, "which resulted in Mr. Burton have to pay restitution." *Id.* Burton does not clarify what allegedly false information Schrum included in the report, but he states that he has been in custody continuously since February 27, 2019. *Id.* at 4. He also notes that his address at the time of his arrest was not the same as the address on his arrest warrant and Maryland driver's license. *Id.* He seeks two million dollars in damages for the "emotion stress" caused by trying to pay restitution while incarcerated. *Id.*

A complaint filed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) is a judicially-created monetary remedy designed to vindicate

violations of constitutional rights committed by federal actors in their individual capacity. *See Hower v. Stewart*, GLR-17-198, 2018 WL 4384150, at *7 (D. Md. Sept. 14, 2018) (citing *Bivens*, 403 U.S. at 395-97 (1971))). To state a *Bivens* claim, a plaintiff must allege that "a federal agent acting under color of his [federal] authority" violated his constitutional rights. *Bivens*, 403 U.S. at 389.

The Supreme Court has clarified over the years that "a *Bivens* remedy will not be available if there are 'special factors counseling hesitation in the absence of affirmative action by Congress.'" *Ziglar v. Abbasi*, 137 S.Ct. 1843, 1857 (2017) quoting *Carlson v. Green*, 446 U.S. 14, 18 (1980). "[T]he question of whether to provide a *Bivens* remedy should be informed and limited by separation-of-powers principles." *Tun-Cos v. Perrotte*, 922 F.3d 514, 522 (4th Cir. 2019). The *Abbasi* Court formulated a two-step inquiry for determining if a *Bivens* remedy is available, requiring that courts first look to whether "the statutory or other legal mandate under which the officer[s] were operating" differs "'in [any] meaningful way' from the three cases[1] in which the Court has recognized a *Bivens* remedy." *Id*. at 523, quoting *Abassi*, 137 S.Ct. at 1859. If there is no meaningful contextual difference, then a *Bivens* remedy remains available. *Id*. If the context is new, however, this Court is required to consider whether there are "special factors counseling hesitation in the absence of affirmative action by Congress." *Abassi*, 137 S.Ct. at 1857. In other words, the inquiry is *who* should decide that a damages remedy should exist – the legislative branch or the judiciary. *Id*. Importantly the Supreme Court has "consistently refused to extend *Bivens* to any new context or new category of defendants." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001).

Here, Burton has not stated a plausible Constitutional claim, let alone one that is similar to the three cases in which a *Bivens* remedy has been recognized. Burton's bald allegations that Schrum included factually inaccurate information in a report do not state a plausible claim for monetary relief under *Bivens*. Thus, the relief Burton seeks is unavailable to him. If instead of damages Burton is seeking to collaterally attack the validity of his federal sentence, the proper

---

[1] The three cases referenced by the *Abassi* Court are: *Bivens*, 403 U.S. 388, 389-98 (1971) (remedy available for Fourth Amendment claim against federal agents after they handcuffed a man in his own home without a warrant), *Davis v. Passman*, 442 U.S. 228, 248-49 (1979) (recognizing *Bivens* remedy in suit against a Congressman by former employee who claimed sex discrimination in violation of the equal protection clause of the Fifth Amendment) and *Carlson v. Green*, 446 U.S. 14, 19 (1980) (recognizing damages remedy under *Bivens* for Eighth Amendment violation by federal jailers when they refused to treat a prisoner-plaintiff's asthma).

2

vehicle by which to assert this challenge is a 28 U.S.C. 2255 motion. Burton's Complaint is therefore dismissed without prejudice.

Accordingly, it is this 14th day of September, 2023, by the United States District Court for the District of Maryland, hereby **ORDERED** that:

1. Burton's Complaint is **DISMISSED** without prejudice;
2. The Clerk **SHALL CLOSE** this case; and
3. The Clerk **SHALL SEND** a copy of this Order to Burton.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　LYDIA KAY GRIGGSBY
　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge